IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:21-CR-30164-NJR-2 |
| JENNIFER BRANSON, | |
| Defendant. | |

## ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 filed by Defendant Jennifer Branson. (Doc. 54). The Court appointed the Federal Public Defender to represent Ms. Branson in connection with the motion, and attorney Kim Freter filed an appearance. (Docs. 176, 178). Attorney Freter now has moved to withdraw after concluding that Ms. Branson is ineligible for relief. (Doc. 194). Ms. Branson was invited to respond to the motion to withdraw but has not done so.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

With Part A of Amendment 821, the Sentencing Commission altered the number

of "status points" imposed for having committed an offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. The Sentencing Commission made the amendment apply retroactively. *See* U.S.S.G. § 1B1.10(d).

On August 18, 2022, Ms. Branson pleaded guilty to Counts 1, 2, and 4 of a superseding indictment that charged her with several controlled substance offenses. The Court sentenced her to a term of 72 months, consisting of 60 months each as to Counts 1 and 2, to run concurrently with each other, and 12 months as to Count 4, to run consecutively to Counts 1 and 2. (Doc. 99). As part of the Guidelines computation, Ms. Branson received two status points for committing the instant offenses, while serving a term of probation. (Doc. 101 p. 12). This resulted in a criminal history score of three, so Branson fell within Criminal History Category II. (*Id.* at p. 18). Coupled with her total offense level of 29, her guideline range was 97-121 months on counts 1 and 2, to be followed by a consecutive 8-14 months on Count 4. After grouping, her Guideline range was 105-135 months. Under the revised U.S.S.G. § 4A1.1(e), Ms. Branson would now be assessed only one status point, placing her in Criminal History Category I. As Attorney Freter explains in her motion to withdraw, this results in a final Guideline range of 87-108 months on Counts 1 and 2, and 95-125 months when accounting for the consecutive term required on Count 4.

Branson's sentence of 72 months falls below the amended Guideline range. "[A] prison sentence under § 3582(c)(2) may not be reduced to a length shorter than the minimum of the revised guidelines range." *United States v. Crittendon*, No. 24-1830, 2024 WL 4635059, at *1 (7th Cir. Oct. 31, 2024) (citing U.S.S.G. § 1B1.10(b)(2)(A)); *see also Dillon*, 560 U.S. at 826-27. Ms. Branson therefore is ineligible for a sentence reduction, so her motion must be denied.

For these reasons, the Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by Defendant Jennifer Branson (Doc. 174) is **DENIED**, and Attorney Freter's Motion to Withdraw (Doc. 194) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   February 10, 2026

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**